UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELVIN SHELTON,

    Plaintiff,

 v.            Case No. 19-cv-1617-pp

DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 12) AND DISMISSING CASE**

---

  On November 4, 2019, the plaintiff filed a complaint alleging that the Veteran's Administration was unlawfully holding money that belonged to him. Dkt. No. 1. He did not pay the filing fee or file a motion asking for the fee to be waived. The day after receiving the complaint, the clerk's office sent the plaintiff a notice telling him that within twenty-one days, he either had to pay the $400 filing fee or file a request to proceed without prepaying it. Dkt. No. 2.

  On December 30, 2019, the court received a letter from the plaintiff, asking that Case No. 15CV003987 be dismissed with prejudice. Dkt. No. 6. That is not the case number for this case; the format of the case number appeared to be the type used by the state circuit courts, and a search of the public docket indicates that the plaintiff had a case in Milwaukee County Circuit Court, <u>Shelton v. Dep't of Veterans Affairs</u>, Case No. 2015CV003989 (Milwaukee County), available at https://wcca.wicourts.gov/.

  Magistrate Judge Duffin, to whom the case was assigned at that time, issued an order noting that the plaintiff had asked to dismiss a case that was

1

not pending in the federal court. Dkt. No. 7. Judge Duffin speculated that perhaps the plaintiff was asking to dismiss this case, Case No 16-cv-1617, and gave the plaintiff a deadline of February 18, 2020 to let the court know whether he wanted to proceed with this case. Id. at 2. On February 3, 2020, the court received notice from the plaintiff that he wanted to proceed with this case. Dkt. No. 8.

But the plaintiff still had not either paid the $400 filing fee or asked to proceed without prepaying it. On February 25, 2020, the clerk's office sent the plaintiff another notice, requiring that within twenty-one days, he must either pay the filing fee or ask to proceed without prepaying it. Dkt. No. 9. The plaintiff made a kind of counter-offer—he asked the court to accept $100 per month until the filing fee was paid in full. Dkt. No. 10. Judge Duffin responded by explaining to the plaintiff that before Judge Duffin could decide whether to allow the plaintiff to pay his filing fee in installments, he needed to file a request to proceed without prepaying the filing fee (the form the clerk had told the plaintiff twice before that he needed to file). Dkt. No. 11. Judge Duffin ordered the plaintiff to file the form (or pay the filing fee in full) by April 1, 2020. Id. at 2. Judge Duffin's order clearly stated that if the plaintiff did not either pay the fee or file the form by April 1, 2020, Judge Duffin would dismiss the case for failure to prosecute. Id. at 2.

Judge Duffin issued that order four months ago. The plaintiff has neither filed his request to proceed without prepaying the filing fee nor paid the filing fee in full. On April 22, 2020—almost three weeks after the deadline he had set for the plaintiff to file his form—Judge Duffin issued a report and recommendation that this court dismiss the plaintiff's case for failure to prosecute, due to the plaintiff's failure to follow Judge Duffin's earlier order to

either pay the filing fee or to file a request to proceed without prepaying the filing fee. Dkt. No. 12. The recommendation stated that if the plaintiff had any objection, he must file it within fourteen days—or by May 6, 2020. Dkt. No. 12 at 3. The plaintiff did not timely file an objection.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Duffin's recommendation that the court dismiss the plaintiff's case for his failure to prosecute it is clearly erroneous. The recommendation is not clearly erroneous. Between the clerk's office and Judge Duffin, the plaintiff has had three opportunities to file the form asking the court for permission to proceed without prepaying the filing fee. He has not done so. Judge Duffin did not commit clear error in recommending that the court dismiss the case, particularly because his last order warned the plaintiff that if he did not file the form by April 1, 2020 the court would dismiss the case.

This court agrees with Judge Duffin's report and recommendation and **ADOPTS** it in full. Dkt. No. 12. The court **ORDERS** that this case is **DISMISSED without prejudice** under Civil Local Rule 41(c) (E.D. Wis.) for failure to prosecute, because the plaintiff did not comply with Judge Duffin's order to either pay the filing fee in full or file a request to proceed without prepaying the filing fee.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment.

3

See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

                              **BY THE COURT:**

                              _____

                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**